In re: **Jamaluddin ALMAHDI,** Petitioner

No. 05–5045.

United States Court of Appeals, Third Circuit.

Submitted Under Rule 21, Fed. R.App. Pro. Dec. 16, 2005.

Decided March 17, 2006.

Jamaluddin Almahdi, White Deer, PA, pro se.

Before SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

**PER CURIAM.**

Pro se petitioner Jamalud–Din Almahdi, a federal prisoner, seeks a writ of mandamus to compel the United States District Court for the District of New Jersey to reach a decision on his Motion to Alter or Amend Judgment filed on May 9, 2005. We will deny the petition as moot.

In April 2005, Almahdi filed a civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The District Court dismissed the complaint because the defendants were immune from liability under 42 U.S.C. § 1983. On May 9, 2005, Almahdi filed a Motion to Alter or Amend Judgment. In September 2005, Almahdi filed a motion to compel the District Court to answer his previous motion.

The remedy of mandamus is reserved for the most extraordinary of circumstances. *DeMasi v. Weiss,* 669 F.2d 114, 117 (3d Cir.1982). In order to ensure that mandamus is sparingly granted, a petitioner seeking a writ of mandamus must demonstrate that no other adequate means are available to obtain the desired relief and that the right to issuance of the writ is "clear and indisputable." *Allied Chem. Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).

Here, on January 30, 2006, the District Court denied Almahdi's Motion to Alter or Amend Judgment. The District Court further denied Almahdi's motion for an order to compel. In light of the District Court's orders, Almahdi's petition for a writ of mandamus will be denied as moot.